IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JUDY GUZMAN, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 111-187 |
| THE CONSUMER LAW GROUP, P.A., et al., | ) ) ) ) | |
| Defendants. | ) | |

**O R D E R**

The Court **DENIES** Defendants' motion for hearing, (doc. no. 178), **GRANTS** Plaintiff's motion to compel discovery, (doc. no. 174), and **ORDERS** Defendants to provide all information responsive to the disputed interrogatory on or before Wednesday, March 25, 2015.

**I. DISCUSSION**

On June 6, 2014, the presiding District Judge certified the following class:

> All persons who, while residing in the State of Georgia, received Debt Adjusting services from ACCI, after July 1, 2003, and from whom any of the defendants accepted, either directly or indirectly, either (1) any up front charge, fee, contribution, or combination thereof, which was not used to make payment to their creditors, or (2) any fee in an amount in excess of 7.5 percent of the amount paid monthly by such person for distribution to his/her creditors.

(Doc. no. 154, p. 22.) The District Judge also certified a subclass of persons from whom CLG accepted such fees or charges either directly or indirectly. (Id. at 22-23.) On February 12, 2015, Plaintiff moved to compel a fulsome response to the following interrogatory:

>**Interrogatory No. 6**. To the extent such information is not contained in the table produced in response to Interrogatory No. 5, identify all fees charged to any class member by any of the following entities or individuals (a) Consumer Law Group, PA; (b) Consumer Attorneys of America, PC; (c) American Credit Counselors, Inc.; (d) American Debt Negotiators, Inc.; (e) Betouch Management Venture Company; (f) Law Office of Richard A. Brennan; (g) Any entity owned or controlled by Richard A. Brennan; (h) Any entity owned or controlled by Defendant Michael Metzner; (i) Any entity owned or controlled by Henry N. Portner; (j) US Credit.

(Doc. no. 174, pp. 1, 12.) Defendants claim that fees charged by nonparties are irrelevant. (See generally doc. no. 177.)

The class includes any person from whom any defendant accepted the alleged fees, either directly or indirectly. Because the class is not limited to persons directly charged a fee by a defendant, information concerning fees charged to class members by nonparties is relevant and discoverable under Fed. R. Civ. P. 26(b)(1). Defendants point out that Ms. Guzman only paid fees to CLG and ACCI, and they appear to make the absurd argument that discovery is limited to class members who match Ms. Guzman's experience. The argument ignores the broad scope of the class certified, and the Court's finding at certification of a sufficient nexus between Ms. Guzman's claims and the class members' claims. (Doc. no. 154, pp. 10-12, 22.) The Court found Plaintiff "has demonstrated that (a) she was charged a similar up-front fee as each putative class and subclass member . . . (b) as a result of Defendants' similar use of alleged sham 'law firms' with each class and subclass member . . . ." (Id. at 12.) Although the name of the entity that charged the fee may differ among the class members, the injury and cause of that injury are alleged to be a direct result of Defendants' actions. (Doc no. 78, ¶¶ 3, 11, 13, 25.)

**III.    CONCLUSION**

The Court **DENIES** Defendants' motion for hearing, (doc. no. 178), **GRANTS** Plaintiff's motion to compel, (doc. no. 174), and **ORDERS** Defendants to provide a fulsome response to the disputed interrogatory on or before Wednesday, March 25, 2015.  Because Defendants' position was not substantially justified, Plaintiff is entitled to recover reasonable expenses incurred in making the motion pursuant to Fed. R. Civ. P. 37(a)(5).  Accordingly, if Plaintiff wants to pursue recovery, she may file proof of such expenses on or before Wednesday, April 1, 2015, and Defendant shall have fourteen days after such proof is filed to submit any rebuttal evidence or briefs.

SO ORDERED this 18th day of March, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA