IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JUDY GUZMAN, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CV 111-187 ) |
| THE CONSUMER LAW GROUP, P.A., et al., | ) ) ) ) |
| Defendants. | ) |

_____

**O R D E R**
_____

Before the Court is Defendants' unopposed motion to keep tax returns and return information under seal. (Doc. no. 193.) Defendants request permission to keep the following documents under seal which have been filed by Plaintiff alongside her motion for summary judgment: 1) Summary of Defendants' Annual Income/Revenue as Shown on the Tax Returns; 2) The Consumer Law Group, P.A.–Tax Returns for S Corporation 2009, 2010, 2011; 3) American Credit Counselors–Returns of Organization Exempt from Income Tax 2007, 2008, 2009, 2010, 2011; 4) American Debt Negotiators, Inc.–Tax Returns for S Corporation 2007, 2008, 2009, 2010, 2011; 5) Betouch Management Venture–Tax Returns for S Corporation 2007, 2008, 2009, 2010, 2011; 6) Ran Barnea–Individual Tax Returns 2007, 2008, 2009, 2010, 2011; 7) Daniel Post–Individual Tax Returns 2007, 2008, 2009,

2010, 2011; and 8) Michael Metzner–Individual Tax Returns 2007, 2008, 2009, 2010, 2011. (Id.)

Under Local Rule 79.7(d), "part[ies] seeking to have any matter placed under seal must rebut the presumption of the openness derived from the First Amendment by showing that closure is essential to preserve some higher interest and is narrowly tailored to serve that interest." As the Local Rules reflect, the filing of documents under seal is generally disfavored, because "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern, and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotations and citations omitted). "The common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." Id. (citing Chicago Tribune Co. v. Bridgestone/ Firestone, Inc., 263 F.3d 1304, 1309 (11th Cir. 2001)). When balancing these interests,

> courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Id. at 1246. "[A] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." Id. (citations omitted).

However, the parties' desire to seal court documents "is immaterial to the public right of access." Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992). In the

absence of a third party challenging the protection of information, the Court serves as "the primary representative of the public interest in the judicial process," and must "review any request to seal the record (or part of it) [and] may not rubber stamp a stipulation to seal the record." Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F. Supp. 2d 1353, 1363 (N.D. Ga. 2002).

Defendants primarily argue that the tax return information should be sealed because 26 U.S.C. § 6103 designates all such information as confidential. (See doc. no. 193, p. 2.) In general, there is a public policy concern that leans toward limiting disclosure of tax returns. See, e.g. Columbus Drywall & Insulation, Inc. v. Masco Corp., 1:04-CV-3066, 2006 WL 5157686, at *7 (N.D. Ga. May 31, 2006); Daniels v. United States, 1:05-CV-0925, 2006 WL 1564260, at *3 (N.D. Ga. Apr. 11, 2006). However, more recent Eleventh Circuit case has held that in the context of discovery, there is no special rule protecting tax returns from discovery by the opposing party. Erenstein v. S.E.C., 316 F. App'x 865, 869-70 (11th Cir. 2008)("Nevertheless, in civil cases, we have not required a showing of compelling need before tax information may be obtained by a party in discovery, but instead have determined that such information need be only arguably relevant.") Nonetheless, the potential invasion of privacy posed by the disclosure of sensitive tax information is heightened by full access by the public at large, as compared to only the opposing party for the purposes of pursuing the litigation. As a result, the Court finds that the public policy concern expressed by Congress in 26 U.S.C. § 6103 outweighs the public's interest in access to these documents. However, this finding does not preclude such return information from being introduced through testimony in a public trial, where greater public interests may come into play. See

Chicago Tribune Co., 263 F.3d at 1310.

Accordingly, the Court **GRANTS** Defendants' motion to keep tax returns and return information under seal. (Doc. no. 193.) The Clerk is **DIRECTED** to maintain under seal the tax return information contained in Plaintiff's notice of filing. (Doc. no. 181.)

SO ORDERED this 19th day of June, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA