**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

JUDY GUZMAN, on behalf of      *
herself and all others         *
similarly situated,            *
                               *
       Plaintiff,              *
                               *
v.                             *      CV 111-187
                               *
THE CONSUMER LAW GROUP, P.A.;  *
AMERICAN CREDIT COUNSELORS,    *
INC.; AMERICAN DEBT            *
NEGOTIATORS, INC.; BETOUCH     *
MANAGEMENT VENTURE COMPANY;    *
RAN BARNEA; DANIEL POST; and   *
MICHAEL METZNER;               *
                               *
       Defendants.             *

---

**O R D E R**

---

In this class-action lawsuit, Plaintiff alleges that

Defendants accepted charges, fees, contributions and/or

combinations thereof on or after July 1, 2003, in amounts

exceeding those permitted by the Georgia Debt Adjustment Act

("Act"), O.C.G.A. §§ 18-5-1 to 18-5-4, in connection with

Representative Plaintiff's and other Georgia residents'

participation in debt adjusting plans. Before the Court is the

joint motion of Plaintiff and Defendants American Credit

Counselors, Inc. ("ACCI"), Betouch Management Venture Company

("BMV"), American Debt Negotiators, Inc. ("ADNI"), Ran Barnea and Daniel Post (collectively the "Settling Defendants") seeking: (1) preliminary approval of a class settlement; (2) approval of the form and manner of notice; and (3) the scheduling of a final fairness hearing.

The Settlement Agreement, if approved, would resolve all claims against the Settling Defendants. It does not resolve the outstanding claims by the subclass against Defendants Michael Metzner or The Consumer Law Group, PA. To effectuate their Settlement, the parties seek the following: (1) preliminary approval of the proposed settlement on behalf of the Settlement Class by this Court; (2) approval of the form and manner of the class notice; (3) establishment of the form and date by which members of the Settlement Class must give notice of opting out of the class; (4) establishment of a date by which Settlement Class members who wish to appear at the fairness hearing and object to the Settlement or other matters addressed at the hearing must file with the Court and serve on all counsel an appearance in writing and any pleadings and supporting documents; and (5) scheduling of a fairness hearing.

Having reviewed and considered the Settlement Agreement and taking into consideration all prior proceedings in this action, the Court finds that good cause exists supporting the relief

sought by the parties. Accordingly, the Court orders as follows:

### 1. Stay of This Action

Pending final approval of the Settlement Agreement, this action is hereby **STAYED** until further order of the Court.

### 2. Class Certification and Settlement Class

On June 6, 2014, the Court certified this lawsuit as a class action. (Doc. 154.) Specifically the Court certified the following class pursuant to Rule 23(b)(3):

> All persons who, while residing in the State of Georgia, received Debt Adjusting services from ACCI, after July 1, 2003, and from whom any of the defendants accepted, either directly or indirectly, either (1) any up front charge, fee, contribution, or combination thereof, which was not used to make payment to their creditors, or (2) any fee in an amount in excess of 7.5 percent of the amount paid monthly by such person for distribution to his/her creditors.

The Settlement Agreement defines the Settlement Class as the 2,338 persons identified by the Settling Defendants as falling within the class definition in accordance with this Court's Order.

### 3. Relief to the Class

If the Settlement is given final approval by this Court after a fairness hearing, the Settlement Class will be entitled to the following monetary relief. The Settling Defendants agree to pay the sum of $400,000.00 to settle the litigation. Each member of the Settlement Class shall receive payment from the

3

Settlement Fund in accordance with the following formula: $400,000.00 less the adjustments set forth in paragraph 12(ii) of the Settlement Agreement will be distributed on a pro rata basis to participating class members based upon the fees paid by the class member to Defendants for the debt management services.

The following adjustments shall be made to and subtracted from the Settlement Fund as set forth in paragraph 12(ii) of the Settlement Agreement:

(i)     Class Counsel's attorneys' fees in such amount as may be allowed and approved by the Court, proposed to be in the amount of 1/3 of the settlement fund.

(ii)    Class Counsel's expenses incurred in the pursuit of this action in such amount as may be allowed and approved by the Court.

(iii)   The Settlement Administrator's fees and expenses as may be allowed and approved by the Court, proposed to be in the amount of $25,000.

(iv)    An incentive award to the Representative Plaintiff in such amount as may be allowed and approved by the Court, proposed to be in the amount of $2,500.00 for her time, expense, and leadership effort in the lawsuits.

## 4. Class Representative and Class Counsel

Pursuant to Rule 23(g), the Court previously appointed Christopher A. Cosper and David E. Hudson of Hull Barrett, PC, as class counsel for the class and Plaintiff Judy Guzman as class representative.

## 5. Notice Procedures

The members of the class shall be identified and confirmed through those procedures identified in this Court's Order and the Settlement Agreement. At least 60 days prior to the fairness hearing, the Settlement Administrator shall provide written notice via U.S. mail, postage prepaid, in the form submitted to and approved by the Court and according to the methods described therein and described in the Settlement Agreement, to the last known address of the members of the class, of their rights to object or opt out of the Settlement pursuant to Federal Rule of Civil Procedure 23.

## 6. Preliminary Settlement Approval

The Court finds, upon preliminary review, that the Settlement Agreement and the Settlement it incorporates appear to be fair, reasonable, and adequate. The Court finds that the Settlement Agreement falls within the range of possible approval at the final approval hearing. Accordingly, the Settlement Agreement is preliminarily approved, subject to a further determination to be made at the fairness hearing.

## 7. Appointment of Settlement Administrator

R. Lynne Hamrick is appointed Settlement Administrator as contemplated by the Settlement Agreement. At least twenty (20) days prior to the fairness hearing, the Settlement Administrator shall send copies of all Requests for Exclusion it receives to counsel for all parties. At least ten (10) days prior to the fairness hearing, the Settlement Administrator shall send a report to the Court, with copies to counsel for all parties, setting forth the total number of Requests for Exclusion properly received by the Settlement Administrator, listing the names of each person who sent a proper Request for Exclusion, listing the names of each person who sent a Request for Exclusion which did not comply with the requirements set forth in the Class Notice, and providing a copy of the non-compliant Requests for Exclusion. All reasonable fees and expenses incurred by the Settlement Administrator shall be paid out of the Settlement Fund. The Settlement Administrator may request any additional compensation at the fairness hearing.

## 8. Jurisdiction

This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the parties before it. The administration and consummation of the Settlement as embodied in this Settlement Agreement shall be under the authority of this Court and this Court shall retain

6

jurisdiction for the purpose of: (1) entering orders providing for awards of attorneys' fees and expenses to Class Counsel and fees to Representative Plaintiff; (2) enforcing the terms of this Settlement Agreement; and (3) entering any further injunction necessary with respect to any other litigation.

## 9. Fairness Hearing

A fairness hearing shall be held at **10:00 a.m. on May 11, 2016**, at the United States Courthouse at 600 James Brown Blvd., Augusta, GA 30901 before the Honorable J. Randal Hall, to determine, among other things: (1) whether the Settlement should be finally approved as fair, reasonable, and adequate; (2) whether the Settling Defendants should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (3) whether the class members should be bound by the release set forth in the Settlement Agreement; (4) whether the application of Class Counsel for an award of attorneys' fees and expenses should be approved; (5) the compensation of the Settlement Administrator; and (6) whether the application of the Representative Plaintiff for incentive awards should be approved. The submissions of the parties in support of the Settlement shall be filed with the Court at least seven (7) days prior to the fairness hearing and may be supplemented up to two (2) days prior to the fairness hearing.

## 10. Findings Concerning Notice

The Court finds that the notice procedures set forth in Paragraph 5 of this Preliminary Approval Order and in the Settlement Agreement: (1) constitute the best practicable notice; (2) are reasonably calculated, under the circumstances, to apprise the class members of the pendency of these actions, the terms of the proposed Settlement, and their rights under the proposed Settlement Agreement, including, but not limited to, their right to object or exclude themselves from the proposed Settlement Class and other rights under the terms of the Settlement Agreement; (3) are reasonable and constitute due, adequate, and sufficient notice to all class members and other persons entitled to receive notice; and (4) meet all applicable requirements of law.

## 11. Exclusion from Class

Any class member who wishes to exclude himself or herself from the Settlement Class must submit a timely written request or exclusion containing the information set forth in the Notice of Class Action, Proposed Settlement, and Final Approval/Fairness Hearing ("Class Notice"), postmarked no later than thirty (30) days after the date Notice is mailed, to R. Lynne Hamrick, Hull Barrett, PC, PO Box 88, Augusta, Georgia 30903-1564. If the proposed Settlement is approved, any class member who has not submitted a timely, written request for

exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in these actions, even if the class member previously initiated or subsequently initiates any litigation or other proceeding encompassed by the release set forth in the Settlement Agreement. Persons who exclude themselves from the Settlement Class shall not be entitled to participate in the benefits of the Settlement Agreement.

## 12. Objections and Appearances

Any class members, or their counsel hired at their own expense, who comply with the requirements of the Class Notice may object to any aspect of the proposed Settlement.

## 13. Remaining Defendants and Motions for Summary Judgment

Two motions for summary judgment are currently pending before the Court. One motion was filed by Plaintiff (doc. 190) and the other by all Defendants (doc. 192). Furthermore, two Defendants—The Consumer Law Group, P.A. and Michael Metzner—have not settled claims against them. Because the Settling Defendants have preliminarily settled, the Court finds it necessary to refrain from ruling on these motions for summary judgment. The Court, therefore, directs the Clerk to **TERMINATE** these motions. If the Court does not ultimately approve the Settlement Agreement, the parties may move the Court to consider these motions. If the Court does approve the Settlement

Agreement, the remaining Defendants may move for leave to file additional motions.

**ORDER ENTERED** at Augusta, Georgia this _12th_ day of February, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA