UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

JUDY GUZMAN, on behalf of )
Herself and all others similarly situated, )
)
    Plaintiff, )
)
v. ) Civil Action No. 1:11-cv-00187-JRH
)
THE CONSUMER LAW GROUP, P.A.; )
AMERICAN CREDIT COUNSELORS, )
INC.; AMERICAN DEBT )
NEGOTIATORS, INC.; BETOUCH )
MANAGEMENT VENTURE COMPANY; )
RAN BARNEA; DANIEL POST; and )
MICHAEL METZNER; )
)
    Defendants. )
)

## ORDER

Before the Court is the joint motion of the Plaintiff and Defendants American Credit Counselors, Inc. ("ACCI"), Betouch Management Venture Company ("BMV"), American Debt Negotiators, Inc. ("ADNI"), Ran Barnea and Daniel Post (collectively the "Settling Defendants") seeking final approval of a class settlement, as well as the motion of Plaintiff and her counsel for a class representative incentive award, attorneys' fees and costs of litigation and costs of administration of the settlement. The Court concludes that the settlement represents a fair, reasonable, and adequate compromise of the claims involved. Thus, for reasons more fully articulated below, the pending motions are GRANTED.

### BACKGROUND

In this class action lawsuit, Plaintiff alleges that Defendants accepted charges, fees, contributions and/or combinations thereof on or after July 1, 2003, in amounts exceeding those

permitted by the Georgia Debt Adjustment Act ("Act"), O.C.G.A. §§ 18-5-1 to 18-5-4, in connection with Representative Plaintiff's and other Georgia residents' participation in debt adjusting plans. On June 6, 2014, the Court certified this lawsuit as a class action. (Doc. no. 154). Specifically the Court certified the following class (hereinafter the "Class") pursuant to Rule 23(b)(3):

> All persons who, while residing in the State of Georgia, received Debt Adjusting services from ACCI, after July 1, 2003, and from whom any of the defendants accepted, either directly or indirectly, either (1) any up front charge, fee, contribution, or combination thereof, which was not used to make payment to their creditors, or (2) any fee in an amount in excess of 7.5 percent of the amount paid monthly by such person for distribution to his/her creditors.

Plaintiff Judy Guzman ("Representative Plaintiff") entered into a Settlement Agreement in January 4, 2016 with the Settling Defendants in which the parties have agreed to settle this lawsuit pursuant to the terms of the Settlement Agreement. The Settlement Agreement adopts the Class definition certified by the Court and consists of persons identified by the Settling Defendants as falling within the Class definition in accordance with this Court's order. The Settlement Agreement resolves all claims against the Settling Defendants. It does not resolve the outstanding claims by the subclass against Defendants Michael Metzner or The Consumer Law Group, PA.

The Court entered an order on February 12, 2016, which (1) preliminarily approved of the class settlement; (2) confirmed class counsel; (3) appointed a settlement administrator, (4) directed that notice be issued to the class; and (5) stayed prosecution of the released claims. The Court held a final fairness hearing on May 11, 2016, at which time it considered the fairness of the proposed settlement of this action on a class basis and provided an opportunity for any objectors to the settlement to raise any objections to the settlement and the final certification of

the class for settlement purposes. No objections were made in writing and filed with the Clerk of Court and no objections were made at the May 11, 2016 hearing.

Having reviewed the Settlement Agreement, and taking into consideration the pleadings of the parties and the presentation of counsel at the hearing, the Court finds that good cause exists to approve the settlement.

## DISCUSSION

"Settlement agreements are highly favored in the law and will be upheld whenever possible because they are a means of amicably resolving doubts and uncertainties and preventing lawsuits." *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1105 (5th Cir. 1977). Before a settlement may be finally approved, however, a number of prerequisites must be established. First, the Court must certify the class. Fed. R. Civ. P. 23(c). Second, the Court must determine whether the settlement class members were given reasonable notice of class certification and settlement. *See In re Checking Account Overdraft Litig.*, No. 09-MD-02036-JLK, 2011 WL 5873389, at *6 (S.D. Fla. Nov. 22, 2011); Fed. R. Civ. P. 23(c)(2), (e)(1). Finally, the Court must evaluate the settlement's fairness and adequacy. Fed. R. Civ. P. 23(e)(2); *see also In re Checking Account Overdraft Litig.*, 2011 WL 5873389, at *9.

### A. Final Settlement Class Certification

On June 6, 2014, the Court certified this lawsuit as a class action pursuant to F.R.Civ.P. 23. (Doc. no. 154). Specifically the Court certified the following class (hereinafter the "Class") pursuant to Rule 23(b)(3):

> All persons who, while residing in the State of Georgia, received Debt Adjusting services from ACCI, after July 1, 2003, and from whom any of the defendants accepted, either directly or indirectly, either (1) any up front charge, fee, contribution, or combination thereof, which was not used to make payment to their creditors, or (2) any fee in an amount in excess of 7.5 percent of the amount paid monthly by such person for distribution to his/her creditors.

The Settlement Agreement adopts the Class definition certified by the Court and consists of persons identified by the Settling Defendants as falling within the Class definition in accordance with this Court's order. The Court's June 6, 2014 Order is reaffirmed herein and the Class previously certified by the Court is approved for purposes of settlement of this lawsuit against the Settling Defendants.

### B. Settlement Notice

Rule 23(c)(2)(B) provides that, "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." The Court previously approved individual mailed notice to each class member. That notice included each of the elements set out in Rule 23(c)(2)(B)(i)-(vii), adequately apprising these members of the nature of the action and allowing for exclusion from the settlement class. Therefore, the Court finds that the notice issued in this case satisfies the demands of Rule 23(c)(2)(B).

As to settlement, Rule 23(e)(1) requires that the Court "direct notice in a reasonable manner to all class members who would be bound by the [proposed settlement]." The notice issued in this case informed class members of the nature of the action, all claims, defenses, and issues raised therein, as well as the effect of the settlement. For these reasons, the Court also finds that the notice issued in this case meets the standard set out in Rule 23(e)(1). Finally, because the notice was "reasonably calculated to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections," *SR 7 Leasing, Inc. v. Curtis*, 189 F.R.D. 681, 683 (M.D. Ala. 1999), the demands of constitutional due process are satisfied.

## C. Final Settlement Approval

A settlement may be approved only if the Court finds it "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e) (2). "A settlement is fair, reasonable and adequate when the interests of the class as a whole are better served if the litigation is resolved by the settlement rather than pursued." *In re Checking Account Overdraft Litig.*, 2011 WL 5873389, at *9. In determining whether a settlement is fair and adequate, the Court considers several factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *Su v. Electronic Arts, Inc.*, No. 6:05-cv-131-Orl-28JGG, 2006 WL 4792780, at *3 (M.D. Fla. Aug. 29, 2006) (*citing Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994))

Pursuant to Fed. R. Civ. P. 23, the settlement of this action, as embodied in the terms of the Settlement Agreement entered into by the parties is hereby finally approved as a fair, reasonable, and adequate settlement in light of the factual, legal, practical, and procedural considerations raised by this case. The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement) and is hereby adopted as an Order of this Court. In the event of a conflict between the text of this Order and the text of the Settlement Agreement, the text of the Settlement Agreement shall control.

After a thorough review of the record, the Court concludes that final approval of the settlement is in order. To begin, there is no evidence of fraud or collusion, and the claims against the Settling Defendants involve thousands of individuals and accounts over which litigation could last for years. Moreover, the factual record appears to have been sufficiently

developed to allow the parties to identify the precise issues in contention and appreciate the merits of their respective claims and defenses. Yet, at the same time, the settlement comes at a point early enough in the proceedings that class members and Defendants will be spared additional, and perhaps redundant, expenses. In addition, the legal claims asserted involve unsettled questions of law. As further evidence of the fairness of the settlement, the amount of the settlement fund, $400,000, is comparable to the settlement of similar claims on behalf of residents of the State of Florida, which was prosecuted by the Florida Attorney General. The parties' experienced counsel agree that the settlement is fair, reasonable, and mutually beneficial under the present circumstances. Finally, no objections have been filed to the settlement. In light of this record, the Court finds that the parties' settlement is fair, reasonable, and adequate.

Furthermore, the Court hereby approves the establishment and administration of the cy pres fund, as contemplated by paragraph 13 of the settlement agreement. The Court ORDERS class counsel to update the Court at the appropriate time so this Court and class counsel can establish the amount of the cy pres fund and the Court can oversee and administer the disposition of the cy pres fund with the assistance of class counsel, pursuant to the settlement agreement. After thorough review, the motion for final approval of the parties' settlement is GRANTED.

### D. Approval of Class Representative Service Administrative Expenses, and Attorneys' Fees and Expenses

*1. Representative Service Awards*

Service awards compensate class representatives for services provided and risks incurred during the class action litigation on behalf of other class members. *In re Checking Account Overdraft Litig.*, 2011 WL 5873389, at *20. In this case, the Representative Plaintiff expended time and effort by initiating and/or aiding in the prosecution of the class action, notwithstanding the legal uncertainty surrounding their claims. For that, they deserve to be compensated. The

amount of the requested service awards - $2,500 per Representative Plaintiff - is fair and reasonable. *See id.* (awarding $5,000 per class representative). The service award is therefore APPROVED.

*2. Administrative Expenses*

R. Lynne Hamrick, a paralegal at the law firm of Hull Barrett, P.C., was appointed settlement administrator. She was charged with administering notice to the class members and monitoring the parties' performance, including, but not limited to, supervising all actions required by Defendants pursuant to the settlement agreement and the Court's preliminary approval Order. As shown by the affidavit of Christopher A. Cosper, a class member attorney, and documents attached thereto, the settlement administrator has incurred actual expenses in the amount of $2,806.59. An additional $3,000 in expenses is anticipated to complete administration of the settlement agreement, including the printing and disbursement of settlement checks, and these anticipated expenses are in-line with those already incurred. Finally, the administrator has logged 113 hours of time at a fee of $14,181, and additional time is needed to oversee the distribution of the proceeds of the settlement and the cy pres fund. These time reports do not include the significant involvement of non-timekeeping staff at Hull Barrett who have assisted in the processing of class notices. A fee of $19,000 to the administrator has been included in the request. The Court hereby APPROVES the request for administrative expenses in the amount of $25,000 as fair and reasonable.

*3. Attorney Fees and Expenses*

Class counsel has requested a fee of $33^{1/3}\%$ of the settlement fund for its efforts in litigating the case and facilitating the settlement. A court must look to a number of factors when assessing the reasonableness of attorneys' fees in class action settlements:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and the length of the professional relationship with the client; (12) awards in similar cases.

*Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 772 n.3 (11th Cir. 1991). Applying these factors here, the Court concludes that the requested award is fair and reasonable. Class counsel has exercised diligence in investigating the facts, researching the law, prosecuting these Actions, and facilitating settlement. The Actions presented novel questions of law, and counsel's knowledge and experience in class action litigation were necessary to shepherd the claims through the litigation process. The results obtained for the settlement class are, for reasons already noted, favorable to class members, and no class member has objected to the requested award. Finally, the requested award is consistent with other such awards in the Eleventh Circuit. *See, e.g., In re Checking Account Overdraft Litig.*, 2011 WL 5873389, at *28 (awarding fees of 30% of settlement); *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1241 (S.D. Fla. 2006) (awarding fees of 31 1/3% of settlement).

Class counsel also requests $14,343.88 in litigation expenses. The affidavit of Christopher Cosper and an itemized report show the expenses attributable to filing fees, mediation fees, depositions, travel expenses, research, copying, postage, and long distance phone charges. The Court finds these expenses to be fair and reasonable as they relate to Counsel's

efforts to facilitate settlement of the case. Class counsel's requested attorneys' fees and expenses are therefore APPROVED - class counsel shall receive $133,333.33 in attorneys' fees and $14,343.88 in expenses.

## CONCLUSION

For the reasons detailed above, Plaintiff's motions for (1) final settlement class certification, final approval of class settlement, and dismissal and (2) approval of class representative service awards, administrative expenses, and attorneys' fees and expenses are hereby GRANTED. Accordingly, the Court: (1) FINALLY CERTIFIES the settlement class pursuant to Federal Rules of Civil Procedure 23(a), (b)(3), (c), and (e); (2) FINALLY APPROVES the settlement; (3) AWARDS the Representative Plaintiff a class representative service award of $2,500; (4) AWARDS the firm of Hull Barrett, P.C. $25,000 in settlement administration expenses; (5) AWARDS class counsel attorneys' fees of $33^{1/3}\%$ of the settlement common fund plus $14,343.88 in expenses; (6) DIRECTS class counsel, Representative Plaintiff, and the Settling Defendants to implement and consummate the settlement according to its terms and conditions; (7) DISMISSES WITH PREJUDICE all released claims of the Representative Plaintiff and each class member; and (8) RETAINS jurisdiction for the purpose of enforcing this Order or the terms of the settlement agreement, including the administration of the cy pres fund.

IT IS SO ORDERED, this 11th day of May, 2016.

Honorable J. Randal Hall
United States District Judge
Southern District of Georgia